UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-60-GWU

JAMES G. HOWARD, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 59(e), James Howard moves the court to alter or amend its judgment of November 10, 2009 affirming the Commissioner's decision to deny him Social Security benefits.

### APPLICABLE LAW

The undersigned hereby incorporates by reference the Applicable Law section of the November, 2009 opinion.

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Howard, a 25-year-old former lawn care worker with a "limited" education, suffered from impairments related to borderline intelligence. (Tr. 19, 23-24). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of work at all exertional

1

09-60 James G. Howard

levels. (Tr. 21, 23). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 24-25). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24).

Howard argues that the ALJ and the court erred in finding that he did not meet the requirements of § 12.05(C) of the Listing of Impairments concerning mild mental retardation. This Listing requires a claimant to produce:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function . . . .

20 C.F.R., Part 404, Subpart P, App. 1, § 12.05(C). The regulations further provide that: "Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. the evidence supports onset of the impairment before age 22." 20 C.F.R., Part, 404, Subpart P, App. 1, § 12.05. As noted by the plaintiff, the undersigned expressed concern about the ALJ's invalidating IQ scores within Listing range from Psychologist Vincent Dummer but nevertheless concluded that the opinions of the other mental health professionals, particularly those of Psychologists Ingram Baldwin and Melissa Couch, supported a finding that the claimant did not suffer from another separate mental disorder. Therefore, he was

2

found not to meet the Listing.  <u>Memorandum Opinion</u>, Docket Entry No. 16, p. 14-15.

Baldwin and Couch performed Intelligence testing which each found to be invalid due to a lack of effort on the part of Howard.  (Tr. 131, 232).  Neither examiner opined that the plaintiff suffered from a mental impairment other than low intelligence.  (Tr. 129-133, 230-237).  In contrast, Dummer had also diagnosed a generalized anxiety disorder and avoidant personality disorder. (Tr. 240-242).  The claimant asserts that the ALJ should have relied upon this report since the other two examiners had no valid testing upon which to base their opinions.  However, this testing would go primarily to the issue of whether Howard had an IQ within Listing range.  Whether he suffered from another discrete mental impairment is a different issue.  Baldwin and Couch did more than just administer one intelligence test; each performed a diagnostic interview with the claimant. In <u>Blankenship v. Bowen</u>, 874 F.2d 1116, 1121 (6th Cir. 1989), the Sixth Circuit Court of Appeals concluded that no cause existed to question the diagnosis of a psychiatrist made after only one interview and where no psychological testing had been conducted.  Thus, the diagnostic interviews performed by these examiners provided sufficient basis to support their conclusions that the plaintiff did not suffer from another mental impairment even in the absence of valid IQ scores.  Dummer was only a one-time examiner whose opinion was entitled to no special weight.  The ALJ could

3

09-60  James G. Howard

reasonably rely upon the opinions of the equally-placed Baldwin and Couch on this issue even if the ALJ erred in rejecting Dummer's IQ scores.  Therefore, the court must reject the claimant's assertion.

Accordingly,

IT IS HEREBY ORDERED that the motion to alter or amend judgment is DENIED.

This the 23rd day of December, 2009.

Signed By:

*G. Wix Unthank*  /s/ GWU

United States Senior Judge